# FIRST NATIONAL BANK OF LOCKLAND v. V. E. SEGERSTROM.[1]

December 8, 1911.

Nos. 17,444—(139).

**Payment of promissory note — evidence.**

Evidence *held* to support the verdict, and that there were no errors in the instructions or refusals to instruct the jury.

Action in the municipal court of Minneapolis to recover $100 upon a promissory note. The answer alleged that about February 6, 1907, defendant made a series of notes to Smith & Nixon Piano Company, but that they had all been paid. The reply was a general denial. The case was tried before Leary, J., and a jury which returned a verdict in favor of plaintiff for $124.08. Defendant's motion for a new trial was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Richard & Coe,* for appellant.

*Stevens & Stevens,* for respondent.

BROWN, J.

Action to recover upon a promissory note, in which plaintiff had a verdict, and defendant appealed from the judgment rendered thereon.

It appears from the record that on February 6, 1908, defendant made and delivered to the Smith & Nixon Company his promissory note for $100, due and payable February 6, 1909. Thereafter,

[1] Reported in 133 N. W. 564.

and in July, 1908, the Smith & Nixon Company, acting through its president, indorsed and transferred the note to plaintiff herein as collateral security for money then loaned the company. The indebtedness for which the note so pledged as security having never been paid, plaintiff brought this action to recover thereon. The defense interposed was that before the commencement of the action, and long before plaintiff became the holder of the note, defendant paid the same to the Smith & Nixon Company in full, and, further, that subsequent to the time it acquired its rights the payment of the note to the Smith & Nixon Company was by plaintiff's duly authorized agent ratified and confirmed.

Our examination of the record leads to the conclusion that the several questions stated were properly submitted to the jury and that the evidence sustains their verdict. Defendant may have paid the note to the Smith & Nixon Company, as claimed. But the payment was made long before the note became due, and prior to the transfer thereof to plaintiff. The note was not surrendered to defendant, but was left in the hands of the payee. Defendant does not claim the benefit of this payment, under the circumstances, except in connection with the contention that plaintiff was not a bona fide holder, and that the payment so made was ratified and confirmed by plaintiff. The charge of the court sufficiently covered these claims, and there was no error in the refusal of the special requests made by defendant, nor in the exclusion of evidence. That plaintiff was a bona fide holder of the note was established beyond question, and the evidence presented no controversy thereon for submission to the jury.

This covers all that is necessary to be said, and the judgment appealed from is affirmed.